UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIA JARAMILLO**,

    Plaintiff,

    v.                                                                 **CIV NO. 02-1508 DJS/WWD**

**WAL-MART STORES, INC.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before this Court on Plaintiff's Motion to Remand filed December 23, 2002 (Docket No. 5). By that motion, Plaintiff seeks an order remanding this matter to state district court for the Eighth Judicial District of New Mexico, Taos County. This action was removed from that court on November 27, 2002. Plaintiff's motion is premised upon the contention that Defendant's notice of removal is improper because Defendant cannot show that the amount in controversy meets the jurisdictional requirement of $75,000 for diversity jurisdiction. Defendant contends that the amount in controversy may exceed $75,000 and that Plaintiff's refusal to stipulate that her damages will not exceed that amount demonstrates that removal was proper.

    Remand may occur at any time once a federal court determines that it lacks subject matter jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 n. 3 (10th Cir. 2001). 28 U.S.C. §1447(c) directs that "[i]f at any time before final judgment it appears that the district court lacks

1

subject matter jurisdiction, the case shall be remanded."

Plaintiff's claims are premised upon an incident which occurred on December 19, 1999 in the Wal-Mart store in Taos, New Mexico. Plaintiff alleges that she suffered personal injuries when struck by falling merchandise. As a result of those injuries, Plaintiff asserts that she has incurred medical expenses of $4,457. After the filing of this action in state court, Defendant requested that Plaintiff stipulate that her damages could not exceed $75,000. Plaintiff refused to do so, but offered to settle her case for $70,000. Defendant contends that the refusal to enter into the stipulation, combined with the fact that the complaint does not seek a specified dollar amount and the other facts of the case leads to the conclusion that the amount in controversy exceeds $75,000. In support of its position, Defendant cites Hanna v. Miller, 163 F.Supp.2d 1302 (D.N.M. 2001).

As the party invoking the federal court's jurisdiction, Defendant carries the burden of demonstrating that the requirements for exercising jurisdiction are present. Martin, 251 F.3d at 1290 (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." Frederick & Warinner v. Lundgren, 962 F.Supp. 1580, 1582 (D.Kan.1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)). Doubtful cases must be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995). The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. Martin, 251 F.3d at 1290. More explicitly, the amount in controversy must be established on the face of the removal notice if not in the complaint. Id. Here, Plaintiff did not assert a specific dollar amount of damages in her complaint, as required by New Mexico law. N.M.R.Civ.P. 1-010(B) (Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific

monetary amount.").

In this instance, Defendant's notice of removal fails to meet the standard set out in Martin, *supra*. At a minimum, Defendant must be show that the amount in controversy meets the jurisdictional requirement by a preponderance of the evidence. Martin, 251 F.3d at 1290. Defendant states that the amount in controversy exceeds $75,000 based upon the alleged severity of Plaintiff's physical injuries, present and future pain and suffering, present and future medical treatment, present and future loss of services, future transportation costs, present and future lost wage and lost earning capacity, lost credit, pre and post judgment interest, non-physical injuries and Plaintiff's claims of reckless behavior. Notice of Removal filed Nov. 27, 2002 (Docket No. 1), ¶2A. This recitation is inadequate to establish the amount in controversy by a preponderance of the evidence. See Martin, 251 F.3d at 1291 ("In contending that the requisite amount was nonetheless satisfied, defendants began by summarizing the allegations and the requested relief asserted by [plaintiffs]. This mere summary, of course, does not provide the requisite facts lacking in the complaint.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is granted. Plaintiff's claims are hereby remanded to the Eighth Judicial District Court of New Mexico.

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**